THIS case turns upon the correctness of the decision of the circuit court in overruling the motion of Merrill to set aside the sale of part of a lot of ground in the town of Louisville, made by the sheriff of Jefferson county, under an execution which issued in favor of Housley on a replevin bond.
The execution under which the sale was made, is. ,,sued for the amount of four hundred and sixty dollars and ninety cents, and costs, and was credited on the day of sale (.but before the sale) for $>4 34 cents; and Housley became the purchaser from the sheriff, at a price equal to the amount of the execution and sheriff’s commission, after deducting the credits endorsed.
The motion was made to set aside the sale, on the ground of fraud in Housley; and the question for the ‘determination of this court, is, as to the sufficiency of ‘the evidence given on the trial of the motion to establish the alleged fraud.
‘ It is contended on the part of Merrill, that the execution issued for top much, and that after being inform *278 cd thereof, and requested to correct the excess, Housley fraudulently coerced the sale, and caused the property to be sold in satisfaction of a demand Much, in part, was not in fact due him.
A small excess in an execution- occasioned by a mist ¡iken calculation of the officer, is not a suffi ckmt cause for setting aside a sale of lumi under it, although the land was purcr.asrd by (he plaintiff himself, and although he knew that the defendant intended to apply to the court to correct the execution, espe cially if it ap pears that the plaintiff had no reason to believe there was any excess, having on the day oi sale, given credit for al the excess which it is probable he could have supposed to exist.
On a motion to s'et aside a 'sale en such ground, the sheriff who made it and who is alleged to have committed the mistake, is a complete witness.
*278 2. After the most careful examination of the evidence, this court is, however, unable to perceive the evidence upon which fraud can, with propriety, be imputed to Housley. If there be an inaccuracy in the execution, the excess cannot exceed about twenty dollars ; and that must have resulted, not from any improper conduct in Housley, but in an innocent mis. take in the calculation of the sheriff, when the replevin bond was taken upon which the execution issued $ and there is no sufficient evidence in the record to prcve that Housley was convinced of any inaccuracy at the time of the sale. It is in proof, that the attorney of Merrill notified Housley, before the sale, that the replevin bond was taken for too much, and requested him cither to correct it or postpone the sale until the sitting of the next court, that it might be corrected ; but it does not appear that Housley was informed in what the overcharge consisted ; and after receiving that notice, he appears to have, in fact, credited the' execution for four dollars and thirty-four cents, an overcharge for sheriff’s commission. It is not improbable, therefore, that after receiving the notice, Housley gave a credit for all that he supposed had beep overcharged in the replevin bond ; and that probability derives additional strength, from the complex nature or the calculation which it is apparent trom the record, was necessary to be made, to ascertain the overcharge. Besides, Housley may have had more confidence in the calculation of the officer of the law who made the calculation, than in the attorney oí Merrill; arid that officer prpves, that the calculation was made by him in the presence of both parties to the execution, and a result mutually satisfactory to both, produced, after giving all credits. " ' ........
Under these circumstances, it would be indulging an unwarrantable latitude of presumption, to impute fraud to Housley, in not giving further credit on the execution ; and if there was no fraud in his not doing so, it is perfectly clear, that the slight excess contained in the replevin bond cannot justify setting aside the sal&
*279 3. It improper to remark, that we do not admit, was contended in argument, that the evidence of the sheriff who took the replevin bond was incompetent. He was in rio manner interested iri the event of the contest, and appears riot even to have been charged with having participated in committing the alleged fraud. But even if be had been charged as party to the fraud, the objection would have properly gone to liis credit, and could not have rendered his evidence incompetent.
The judgment of the court below must, therefore, be affirmed with costs.